IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **MAX MAJOR,** | § § § |
| Plaintiff, | § Civil Action No. § |
| v. | § § |
| **BRIDGECREST,** | § **Jury Trial Demanded** § |
| Defendant. | § § § |

# COMPLAINT

MAX MAJOR ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against BRIDGECREST ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of Texas, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person living in Houston, Texas 77090.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at 7300 East Hampton Avenue, Suite 100, Mesa, Arizona 85209.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in late July 2016, Defendant called Plaintiff on his cellular telephone multiple times daily.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system.

14. The automated calls would include a pre-recorded voice from Defendant before the calls were transferred to live agents.

15. Defendant's telephone calls were not made for "emergency purposes."

16. During the fourth or fifth call in mid July 2016, Plaintiff spoke with Defendant and revoked any consent that may have been given to Defendant to call his cellular telephone number.

17. However, Defendant failed to update its systems and ignored Plaintiff's revocation and continued to call Plaintiff through August 2016.

18. After Plaintiff's frequent requests to Defendant's representatives to stop were ignored, Plaintiff had no other viable option but to block calls from Defendant's phone numbers.

19. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## **DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

20. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

22. Defendant's calls to Plaintiff were not made for emergency purposes.

23. Defendant's calls to Plaintiff, on and after mid July 2016, were not made with Plaintiff's prior express consent.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, MAX MAJOR, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MAX MAJOR, demands a jury trial in this case.

                                        Respectfully submitted,

DATED: March 9, 2017          By: /s/ Amy Lynn Bennecoff Ginsburg
                                                     Amy Lynn Bennecoff Ginsburg, Esq.
                                                     Kimmel & Silverman, P.C.
                                                     30 East Butler Pike
                                                     Ambler, PA 19002
                                                     Telephone: (215) 540-8888
                                                     Facsimile (215) 540-8817
                                                     Email: aginsburg@creditlaw.com
                                                     Attorney for Plaintiff